UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIE SHERI ANNE KINGSTON
as Next Friend for                                    Case No.: _____
MARYANN T. KINGSTON, and
MARIE SHERI ANNE KINGSTON,
Individually

        Plaintiffs,

vs.

STATE OF FLORIDA, AGENCY FOR HEALTHCARE
ADMINISTRATION, SIMONE MARSTILLER IN HER
OFFICIAL CAPACITY AS SECRETRAY FOR THE
STATE OF FLORIDA, AGENCY FOR HEALTHCARE
ADMINISTRATION and SUNSHINE HEALTH
STATE PLAN, INC.

        Defendants.

_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW, Plaintiff, MARIE SHERI ANNE KINGSTON as Next Friend for

MARYANN T. KINGSTON ("Beneficiary and/or M.K.") and MARIE SHERI ANNE

KINGSTON ("the Daughter and/or Primary Health Surrogate"), Individually,

through undersigned counsel, and sues Defendants, State of Florida, Agency for

Healthcare Administration ("AHCA"), Simone Marstiller in Her Official Capacity as

Secretary for the State of Florida, Agency for Healthcare Administration ("the

Secretary") and Sunshine Health State Plan, Inc., (hereinafter "Sunshine Health"),

and alleges:

1

## **Nature of Claim**

Plaintiff, M.K., is a Medicaid Beneficiary in the State of Florida and receives Long Term care ("LTC") services through the Medicaid Program. Plaintiff, Marie Sheri Anne Kingston is the Daughter and Primary Health Surrogate for M.K.

This is an action to secure relief for violations of rights guaranteed by the Affordable Care Act § 1557, 42 U.S.C. § 18116 (2012) ("Section 1557")(hereinafter referred to as "ACA"). Section § 1557 of the Affordable Care Act prohibits discrimination in health care programs on the basis of sex, disability and age.

Sunshine Health and AHCA's actions also violate Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 and the availability requirements of the federal Medicaid Act, 42 U.S.C. §§ 1396a(a)(10)(A).

Since January 2020, Sunshine Health and AHCA have systematically denied and continue to deny medically necessary LTC services to the Beneficiary. The Beneficiary's daughter, Marie Kingston is her power of attorney and primary caregiver ("the Daughter"). The daughter is disabled. The daughter has been handling the Beneficiary's affairs related to repeated denials and removal of services for long-term care and home health by Sunshine Health. The Beneficiary is unable to deal with the issues raised by Sunshine Health due to her condition. The Beneficiary is disabled and is 89 years of age. She has received disparate treatment and has been intentionally discriminated by AHCA and Sunshine Health due to her age and disability and requirement for LTC services. The Beneficiary's case has public policy implications because not every elderly person has a daughter or

surrogate to assist on a consistent basis when a Managed Care Organization and Medicaid, such as Sunshine Health and AHCA take repeated actions to deny benefits. The Daughter has been negatively affected by the actions of AHCA and Sunshine Health and she continues to suffer great emotional distress as a result of their ongoing discrimination and inconsistent actions related to her mother's care.

### Jurisdiction and Venue

1.      This Court has original jurisdiction over Plaintiff's claims arising under the Patient Protection and Affordable Care Act § 1557, 42 U.S.C. § 18116 (2012) ("ACA" or "Section 1557"). Section 1557 prohibits discrimination on the basis of sex, disability and age in health programs or activities, "any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency" or any entity established under Title I of the Affordable Care Act or its amendments.

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the Plaintiffs' claims arise under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, et seq., and Section 504 of Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794.

3.      This Court possesses original Jurisdiction over Plaintiffs' claims  under 28 U.S.C. § 1331 and §1343(a)(3) and (4).

4.      Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

5.      Plaintiff, Marie Sheri Anne Kingston also brings this action as a state law claim for Third Party Beneficiary Breach of Contract Claim in Orange County, Florida.

6.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendants do business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

8.      The unlawful acts and practices herein were committed in Orange County, FL.

## Parties

9.      The Plaintiff. M.K, is a Florida Resident, an elderly woman who is eighty-nine (89) years old, and disabled with multiple chronic and severe medical conditions, and a Medicaid Recipient.

10.      The Plaintiff, MARIE SHERI ANNE KINGSTON is disabled and the daughter and Primary Health Surrogate of M.K. and is a Florida Resident. She is M.K.'s primary caretaker.

11.      Defendant, Sunshine Health, is and was a company authorized to, and doing business in the State of Florida, and more particularly in Orange County, Florida as a managed care organization and state health plan and is subject to the jurisdiction of this Court.

4

12.     Sunshine Health is a recipient of federal funds from the U.S. Department of Health and Human Services, including Medicaid funding. Thus, Sunshine Health is subject to the nondiscrimination requirements of the ADA and Section 1557, which prohibits discrimination on the basis of disability, age and other factors in any health program or activity that receives funding from HHS, including Florida Medicaid.

13.     Defendant, AHCA, is a government agency, statutorily created by Chapter 20 of the Florida Statutes as the chief health policy and planning entity for the state. AHCA is primarily responsible for the states Medicaid program and is subject to the jurisdiction of this Court. AHCA receives federal funds to administer the Medicaid program.

14.     AHCA's principal offices are located at 2727 Mahan Drive Tallahassee, FL 32308. AHCA is a recipient of federal funds from the U.S. Department of Health and Human Services, including Medicaid funding. Thus, AHCA is subject to the nondiscrimination requirements of the ADA and Section 1557, which prohibits discrimination on the basis of disability, age and other factors in any health program or activity that receives funding from HHS, including Florida Medicaid.

15.     At all times material hereto, the Defendant, the Secretary of AHCA, is and was the official appointed Secretary of AHCA, responsible for administration of Florida Medicaid through AHCA, and doing business in the state of Florida and providing health insurance coverage and plan administration services to Florida

residents through the Medicaid program, including Plaintiff, M.K. The Secretary is sued in her official capacity.

16.    All of Defendants' actions or omissions complained of in this Complaint were under the color of state law.

## Preliminary Statement

The Medicaid Beneficiary, MaryAnn is an Eighty-Nine (89) year old elderly woman who made the decision to live her remaining years of life at home and in her community. Her daughter, Marie, has been her primary caretaker as she began to age. In MaryAnn's culture, it is customary to remain living at home with family rather than being institutionalized. Marie made a promise to her mother that she would honor her wishes and uphold the family culture and tradition for MaryAnn's entire life. MaryAnn and Marie are not people of high-level means. They are a humble family that live modestly with each other as the most valuable resource to one another.

MaryAnn has Medicaid which allows her access to long term care services. The Medicaid Home and Community-Based Services (HCBS) waiver program is authorized in §1915(c) of the Social Security Act. The program permits a state to furnish home and community-based services that assist Medicaid beneficiaries to live in the community and **avoid institutionalization** (emphasis added). Section 409.978, Florida Statutes, establishes a statewide long-term care managed care program for Medicaid recipients who are (a) 65 years of age or older, and (b) determined to require nursing facility level of care. AHCA administers the Florida

Long-Term Care Managed Care Program in partnership with the Department of Elder Affairs (DOEA). Medicaid recipients eligible for the Florida Long-Term Care Managed Care Program have a choice of plans and may select any plan available in their region. Here, AHCA and Sunshine are subject to the Waiver and the Waiver applies to Florida.

Over the last two years, AHCA and Sunshine have diminished services to MaryAnn like a chisel and stone, AHCA and Sunshine being the chisel and MaryAnn being the stone which they continue to break and diminish. First, AHCA and Sunshine chiseled away at medically necessary supplies causing Marie to expend out of pocket funds. Second, AHCA and Sunshine chiseled away at companion Care and home maker services available to MaryAnn. Third, AHCA and Sunshine chiseled away at personal care services, respite care services and once again at companion care services. Every attempt, greater than the next, to leave MaryAnn and her daughter to fend for themselves without much needed nursing aides. Lastly, AHCA and Sunshine in chiseling away services MaryAnn is rightfully entitled to under Federal and State law, created their masterpiece which states that because MaryAnn has skilled nursing available 24/7 no other services should be provided to her.

More recently, MaryAnn's doctor made clear she needed 24/7 personal care in addition to 24/7 skilled nursing, and Sunshine Health denied the request and failed to consider the issues on an expedited basis. *See* Exhibit A. The perpetual pattern continues, needed services currently denied to MaryAnn without proper assessment and evaluation or notice. The actions of AHCA and Sunshine are in contravention of

the purpose and spirit of the HCBS Waiver program which is to allow Medicaid Beneficiaries **to avoid institutionalization and live at home**.

Sadly, it appears that MaryAnn is subject to Ageism at the hands of Sunshine Health and AHCA. Age Discrimination against the elderly is prevalent in our society. A study published in the Journal of General Internal Medicine found that one out of five older adults experiences ageism in health care settings and have a higher risk of developing a new disability or worsening existing ones.[1] Discrimination in healthcare contributes to substandard experiences with the healthcare system which increases the burden of poor health in older adults.[2] Insurance-based discrimination contributes to disparities in health care and may reduce people's ability to access health care when needed.[3] Here, M.K. should have a safe haven to receive adequate home health care, however, the opposite has happened at the hands of AHCA and Sunshine Health and she is suffering from discrimination due to her frail status and age.

## Background

17.    Since January 2020, Sunshine Health and AHCA have been systematically denying medically necessary LTC services to the Beneficiary. The process has created a burdensome and stressful environment for the Beneficiary, who, without her daughter's advocacy would likely be forced into an institution.

---

[1] SeniorLiving.Org, *How Ageism in Health Care is Affecting Society*, https://www.seniorliving.org/health/ageism/ (last visited November 22, 2021).

[2] Rogers, Stephanie, M.D., et. al., *Discrimination in Healthcare Settings is Associated with Disability in Older Adults: Health and Retirement Study, 2008–2012*, https://link.springer.com/article/10.1007/s11606-015-3233-6 (last visited November 22, 2021).

[3] Han, Xinxin, et. al., Reports of Insurance-Based Discrimination in Health Care and Its Association With Access to Care, https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4455519/pdf/AJPH.2015.302668.pdf (last visited November 22, 2021.)

18.    Sunshine Health and AHCA's actions intentionally and disparately discriminate against the Beneficiary and are attempts to force the Beneficiary into an institution. The discriminatory tactics are related to LTC services through the Medicaid program.

19.    As a result of the systemic issues, a complaint was filed with the Agency for Healthcare Administration's Office of the Inspector General on or about August 6, 2020. The AHCA OIG did not conduct an investigation, however, the complaint was referred to William Roberts, Acting General Counsel for any additional action deemed appropriate by the Office of the General Counsel. No additional action or response was provided to the Beneficiary or the daughter. *See* Exhibit B.

20.    As a result of the systemic issues, a Discrimination Complaint was filed against Sunshine Health and AHCA with the Office of Civil Rights Department of Health and Human Services ("OCR") on approximately August 17, 2020. On approximately June 24, 2021, OCR informed the undersigned that "[a]fter conducting such a review of the complaint, OCR determined not to further investigate the allegations that were raised." *See* Exhibit B. OCR closed the case without further investigation.

## The Structure of the Medicaid Program

21.    Medicaid is a cooperative federal state program through which the federal government provides financial assistance to states so that they may furnish medical care to needy individuals. 42 C.F.R. § 430.10 (2017).

22.     Sunshine Health is a Managed Care Organization ("MCO") that contracts with AHCA to administer the Medicaid program in Florida. AHCA is the "single state agency" responsible for administering the Medicaid program in Florida. *See* 42 U.S.C. § 1396a(a)(5); 42 C.F.R. § 431.10(b); §§ 20.42(1), (3), 409.901(2), 409.902(1), Fla. Stat.

23.     AHCA is responsible for contracting with health care providers – including managed care plans – to provide services to Medicaid recipients, reimbursing enrolled providers for goods and services rendered, ensuring providers comply with federal and state Medicaid law, and ensuring the integrity of the Medicaid program generally. *See* §§ 409.903-409.907, 409.913, 409.966-409.968, 409.971, 409.974-409.976, Fla. Stat.

24.     In the instant case, Sunshine Health is the MCO that has contracted and entrusted to provide Medicaid LTC services to the Beneficiary. LTC services include the provision of various home health services to the Beneficiary. Companion care, homemaker services, respite care services, home modifications, and personal care services are covered services, among others, under the LTC Medicaid program and are separate and apart from one another.

25.     The purpose of the Medicaid LTC program is to allow Medicaid beneficiaries over **65 years of age to remain at home and avoid institutionalization**. (emphasis added). The services are authorized under the Medicaid Home and Community-Based Services (HCBS) waiver program as authorized in §1915(c) of the Social Security Act. **The program permits a state**

**to furnish home and community-based services that assist Medicaid beneficiaries to live in the community and avoid institutionalization** (emphasis added).

26.     AHCA submitted 1915(b) and 1915(c) waiver renewal applications to the Centers for Medicare & Medicaid Services ("CMS") to operate the Florida Long-Term Care Managed Care Program mandated by the Florida Legislature in 2011.

27.     Section 409.978, Florida Statutes, establishes a statewide long-term care managed care program for Medicaid recipients who are (a) 65 years of age or older, and (b) determined to require nursing facility level of care.

28.     AHCA administers the Florida Long-Term Care Managed Care Program in partnership with the Department of Elder Affairs (DOEA). The instant case involves services requested through the Medicaid LTC program.

29.     The specific authorities requested in the 1915(b) and (c) waiver applications allow the State to require eligible Medicaid recipients to receive nursing facility, hospice, and home and community based services (HCBS) through Long-term care (LTC) plans selected by the State through a competitive procurement process.

30.     Medicaid recipients eligible for the Florida Long-Term Care Managed Care Program, like M.K., have a choice of plans and may select any plan available in their region.

## The Beneficiary's Medical Condition

31.     The Beneficiary, M.K., is bed ridden. She suffers in part, from the following conditions:

- Advanced dementia
- Acid reflux / gastroesophageal reflux disease
- High blood pressure
- High cholesterol
- Bladder incontinence
- Bowel incontinence
- Hypothyroidism
- Left side weakness
- Vascular dementia
- A-fibrillation
- Hypertensive heart disease with heart failure
- Lymphedema
- Cerebrovascular accident

32.     She cannot function without assistance from aides for activities of daily living ("ADL's"), companion and respite services, and other services delineated in her plan of care.  She needs total assistance for all her ADLs.

33.     M.K. is entitled to receive medically necessary LTC Home Health services through Medicaid. These services include skilled nursing, homemaker, companion services, personal care services, home modifications and respite services. The services are required by the Beneficiary to maintain functional capacity and to live in the setting of her choice, i.e. her home. The services are distinct and apart from one another as per the Medicaid Waiver and Medicaid Rules and regulations.

34.     M.K. and the Daughter believe that M.K. is being intentionally discriminated against by AHCA and Sunshine Health due to her age and disability

and that she is systematically being denied LTC home health care services as a result.

## Systemic Denial of LTC Services to M.K.

35.    Home health care services have been systematically denied to the Beneficiary by Sunshine Health since approximately January 2020, many times without notice and without basis. There have been a series of recent denials in October 2021.

36.    When there is a denial, the Beneficiary can file an appeal and if the denial is upheld, a Fair Hearing can be requested.

37.    M.K. has filed multiple appeals, requested and participated in multiple fair hearings, filed appeals to the Fifth District Court of Appeal on Final Orders issued by AHCA and the issues still persist. M.K. is in a perpetual cycle of denials as her medical needs and conditions change.

38.    M.K. has received medically necessary long-term care services due to her medical needs, as follows, many which were later denied or not provided:

- 24 hours/day for 7 days/week of Skilled Nursing Services
- 43 hours/week of Personal Care Services
- 19 hours/week of Homemaker Services
- 14 hours/week of in-home Respite Care Services
- 25 hours/week of Companion Care Services, and supplies which include
- 7 packs/month of Wipes
- 2 boxes/month of Gloves
- 2 cases of Underpads / month
- Home modification services

39.    Sunshine Health first denied a home modification for a roll in shower to the Beneficiary. It was denied based upon the medical necessity definition used

by AHCA and Sunshine Health. Sunshine Health and AHCA repeatedly use the medical necessity definition to deny home health services. It is a disturbing pattern of conduct.

40.    They repeatedly used this definition as a basis to deny services without making an individualized assessment of the Beneficiary, without home visits, and in contravention of the recommendations of the Beneficiary's treating physicians and providers.

41.    Prior to representation by the undersigned, the Daughter addressed her concerns in handwritten letters to AHCA in June 2020 as a result of a request for a fair hearing. The pattern of behavior continues to the present day.

42.    Florida Medicaid sets forth the definition of medical necessity under the Medicaid program pursuant to the Statewide Medicaid Managed Care Long-term Care Program Coverage Policy Agency for Health Care Administration March 2017 ("the Medical Necessity Definition").

Under Section 1.3.14, Medically Necessary or Medical Necessity is defined as follows:

For the purposes of this policy, the service must meet either of the following criteria: (a) Nursing facility services and mixed services must meet the medical necessity criteria defined in Rule 59G-1.010, F.A.C. (b) All other LTC supportive services must meet all of the following:

- Be individualized, specific, and consistent with symptoms or confirmed diagnosis of the illness or injury under treatment, and not in excess of the Beneficiary's needs;

- Be reflective of the level of service that can be safely furnished, and for which no equally effective and more conservative or less costly treatment is available statewide;

- Be furnished in a manner not primarily intended for the convenience of the recipient, the recipient's caretaker, or the provider.

And, one of the following:

- Enable the enrollee to maintain or regain functional capacity; or
- Enable the enrollee to have access to the benefits of community living, to achieve person-centered goals, and to live and work in the setting of his or her choice.

43.   Sunshine Health continued to deny the majority of the Beneficiary's home health care services using the medical necessity definition. By Notice of Plan Appeal Resolution dated April 3, 2020, Sunshine Health denied the following services:

- 43 hours/week of Personal Care Services
- 25 hours/week of Companion Care Services, and supplies which include
- 14 hours/week of in-home Respite Care Services
- 1 case/month of disposable underpads/chux

Sunshine Health again used the medically necessary definition to deny services.

44.   On June 15, 2020 the Beneficiary received a Notice of Adverse Benefit Determination stating that Sunshine Health would reduce the Beneficiary's Disposable underpads from 2 cases/month to 1 case/month. Sunshine Health again used the medically necessity basis to deny services.

45.   On June 15, 2020 the Beneficiary received another Notice of Adverse Benefit Determination denying the following services:

- 13 hours of personal care services;
- 16 hours of respite care;
- 7 extra packs of wipes; and
- 3 extra tubes of barrier cream.

Sunshine Health again used the medically necessity basis to deny services.

46.     On June 15, 2020 the Beneficiary received another Notice of Adverse Benefit Determination denying the following:

- Repair of ramp to garage;
- Ramp from back door to backyard;
- Roll in shower with ramp at bathroom door.

Sunshine Health again used the medically necessity basis to deny services. On appeal the denials were upheld.

47.     On June 23, 2020, Sunshine Health issued a Notice of Adverse Benefit Determination denying a request for 400 units per month of gloves and 300 units of pullups. The Beneficiary's daughter requested an appeal. Sunshine Health again used the medically necessity basis to deny services.

48.     On June 29, 2020, Sunshine Health sent a letter stating the appeal could not be processed as a standard appeal because it would be processed as an expedited appeal.

49.     On July 8, 2020, the Beneficiary received a letter from Sunshine Health stating it was *denying* an expedited appeal requested on these issues and it would be treated as a standard appeal.

50.     On July 8, 2020 the Beneficiary received another letter that stated that it would be processed as a standard appeal.

51.     Sunshine Health and AHCA have continued to take inconsistent positions and make arbitrary decisions as to the medical necessity for these items.

52.     On July 17, 2020, the Beneficiary received a Notice of Plan Appeal Resolution denying the following services:

- 13 hours of personal care services;
- 16 hours of respite care;
- 7 extra packs of wipes; and
- 3 extra tubes of barrier cream.

However, the letter states as follows:

> "On July 15, 2020 after consideration of the information you provided to Sunshine Health in support of your plan appeal, Sunshine Health hereby approves your plan appeal"

and then goes on to **deny the services**. Sunshine Health again used the medically necessity basis to deny services.

53.     The Notice gave the Beneficiary additional rights to request a fair hearing on these issues. These issues were partially pending a Final Order from the hearing that took place on July 22, 2020.

- 13 hours of personal care services;
- 16 hours of respite care.

## **First Set of AHCA Fair Hearings**

54.     The Beneficiary's daughter requested a Fair Hearing for these denials. As a result, AHCA opened Case Nos. 20-FH0956, 20-FH0957, 20-FH0958, 20-FH0959, 20-FH0960. AHCA issued an Order to Show Cause to file a Designation of Authorized Representative. The Beneficiary's daughter provided the requested documents via fax.

55.     Despite these documents being provided, AHCA dismissed the Fair Hearings less than 30 days from the date requested and advised the Beneficiary's daughter that the Designations were placed in an incorrect file. The undersigned

filed a Notice of Appeal with the 5th DCA to address the due process violations. The 5th DCA affirmed AHCA's decision without a written opinion.

56.     Another Fair Hearing was granted in AHCA's Case No. 20-FH0637. A hearing was scheduled on May 13, 2020. AHCA dismissed the proceeding for the Beneficiary's failure to attend. However, the Beneficiary never received a Notice of Hearing. The undersigned filed a Notice of Appeal with the 5th DCA to address the due process violations. The 5th DCA affirmed AHCA's decision without a written opinion.

## Second Set of Fair Hearings

57.     By letter dated June 3, 2020, Sunshine Health sent a Notice of Adverse Benefit Determination regarding the Beneficiary's request for Sixteen (16) hours a week of homemaker services after they reduced the original amount of hours from 19hours to 3hours per week. Sunshine Health again used the medically necessary definition to deny services.

58.     More recently, Sunshine Health terminated the remaining three (3) hours of homemaker services without Notice to the Beneficiary or M.K.

59.     By letter dated June 15, 2020 to the Beneficiary's provider and with no notice whatsoever, Sunshine Health terminated services for 25 hours of companion care services without Notice to the Beneficiary. Sunshine Health again used the medically necessary definition to deny services.

60.     As a result of the foregoing, the undersigned requested an Emergency Appeal Review for reinstatement of companion and homemaker services. *See*

Exhibit C. That appeal was denied by Sunshine Health and the original decision upheld. *See* Exhibit D.

61.    The undersigned requested a Fair Hearing for these denials. AHCA opened Case Nos. 20-FH1400 (Homemaker services) and 20-FH1401 (Companion Services). AHCA issued an Order to Consolidate the cases. The hearing took place on June 29, 2020. Counsel for Sunshine Health Craig Smith was present at the hearing. Also present were witnesses for Sunshine Health and the Beneficiary.

62.    At the hearing, Counsel for Sunshine Health represented to the hearing officer that Sunshine Health **would be reinstating 25 hours of companion care services**.[4] As such, a hearing on those issues would not be needed. As a result, the undersigned and counsel for Sunshine Health agreed on the record not to have the companion services issue heard.

63.    The hearing proceeded only for Case No. 20-FH1400. As a result of the hearing, the hearing officer for AHCA entered a Final Order. The Final Order upheld the denial of sixteen (16) hours of homemaker services. The undersigned, filed a Notice of Appeal with the 5th DCA to address the merits, as the decision is contrary to Federal law and its purpose to allow seniors to remain living at home. The 5th DCA affirmed AHCA's decision without a written opinion.

### **Third Set of Fair Hearings**

64.    The Beneficiary's daughter then received Orders to Show Cause ("OTSC") related to AHCA Case Nos. 20-FH1221, 20-FH1221, 20-FH1222, 20-

---

[4] Sunshine Health asserts the Beneficiary initially requested the removal of 25 hours of companion services. However, this is not correct. The Beneficiary never asked to have these services terminated.

FH1223, 20-FH1224, and 20-FH1237. In the first set of Case Numbers (1221-1224), the OTSC orders filing of a Designation of Authorized Representative for each case. The undersigned provided the requested information and a hearing was scheduled.

65.     The OTSC for 20-FH1237 asks for proof that an appeal was done with Sunshine Health or the matter would be dismissed. The OTSC did not reference any details as to the issues or what appeal or services they are referring to. AHCA issued an Order dismissing 20-FH1237 on this basis without granting the Fair Hearing.

66.     A Fair Hearing took place on July 22, 2020 for Case Nos. 20-FH1221, 20-FH1222, 20-FH1223, 20-FH1224 to stop the following services to the Beneficiary:

- •     43 hours/week of Personal Care Services
- •     14 hours/week of in-home Respite Care Services
- •     25 hours/week of Companion Care Services, and supplies which include
- •     1 case/month of disposable underpads/chux

67.     As part of the hearing, Sunshine Health provided an evidence packet. The packet included a person-centered care plan for the Beneficiary signed by a care manager on June 29, 2020 (after the date of Notice of Adverse Benefit Determination) which included all the services noted above. *See* Exhibit E.

68.     As a result, the undersigned brought the issue to the attention of the AHCA hearing officer and stated the issues seemed to be resolved. However, counsel for Sunshine Health stated the issues were not resolved **and asked to proceed with the hearing**.

69.     Thereafter, Craig Smith, counsel for Sunshine Health raised an objection to the hearing based on jurisdiction. Mr. Smith stated that the hearing

officer did not have jurisdiction over the issues in the hearing because there were pending appeals in the 5th DCA related to the First Set of Fair Hearings.

70. Counsel for Sunshine Health stated that unless the Beneficiary dismissed the 5th DCA appeals, the hearing officer had no jurisdiction.

71. Undersigned counsel objected based on the fact that the undersigned had yet to receive the record for the DCA appeals related to the First Set of Fair Hearings and because the First Set of Fair Hearings only dealt with procedural and due process violation issues, not the merits. No fair hearings ever took place because all cases related to the First Set of Fair Hearings were dismissed.[5]

72. The hearing officer upheld the undersigned's objection and stated she had jurisdiction based upon the Notice of Plan Appeal Resolution dated April 3, 2020.

73. The undersigned offered to continue the hearing to discuss the jurisdictional issues. However, counsel for Sunshine Health asked to proceed with the hearing.

74. The hearing moved forward. During the hearing, Dr. John Carter, the Medical Director, for Sunshine Health and counsel for Sunshine Health *argued against* maintaining 25 hours of companion care services for the Beneficiary despite the fact that at the June 29, 2020 hearing he and counsel had made the representation that the services would be reinstated.

---

[5] Throughout their briefing in prior appeals Sunshine Health and AHCA stated the hearings were dismissed without prejudice as represented to the 5th DCA. Later, AHCA attempted to get the hearing on the merits dismissed despite making this representation to the 5th DCA. Sunshine Health also made the same attempts to dismiss the hearings in the AHCA proceeding. AHCA and Sunshine Health aligned their interests against the Beneficiary's interests.

75.     The undersigned also questioned the Medical Director about the Current Plan of Care. He stated that the current plan of care was signed by a care manager and subject to approval of a medical director. However, no care plan in the past had any indication it was subject to the approval of a medical director.

76.     Dr. Carter retracted Sunshine Health's position on the Current Plan of Care dated June 30, 2020 based on the April 3, 2020 appeal resolution. Here again, Sunshine Health exhibits arbitrary decision making and intentional discrimination with no basis. The evidence packet showed that all prior care plans were signed by care managers, not medical directors.

77.     After conclusion of the hearing, the hearing officer entered an Order to File Briefs on jurisdiction. This was entered after the hearing officer had already sustained the objection by M.K. as to the issue of jurisdiction. The hearing officer overruled her objection without any hearing on the issue and after she proceeded with the hearing. *See* Exhibit F.

78.     The Order to File Briefs was in line with the request made by counsel for Sunshine Health despite the fact the hearing officer proceeded with the hearing and upheld the objection to forego the argument on jurisdiction. *See* Exhibit F.

79.     AHCA's waste of resources and intent of discrimination against M.K. is once again evident.

80.     Briefs were later submitted by counsel for Sunshine Health and M.K. on August 3, 2020. The undersigned complied with the Order with objections.

81.    The brief submitted by Sunshine Health requested that AHCA's Office of Fair Hearings *dismiss* Petitioner's Fair Hearing Requests in consolidated Fair Hearing Case numbers 20-FH-1221 through 20-FH-1224 based on a lack of jurisdiction. Sunshine Health's waste of resources and intent of discrimination against M.K. is once again evident.

82.    The relief requested sought dismissal of the Third Set of Hearings when Sunshine Health requested on the record, *twice* – during the hearing, that the hearing move forward.

83.    In addition, prior to the commencement of the Third Set of Hearings the undersigned requested that the hearing not move forward because there was a plan of care in place until June 2021. *See* Exhibit E.

84.    Sunshine Health stated that the issues were not resolved and then argued *against* the plan of care for M.K. After Sunshine Health raised its objection as to jurisdiction, the undersigned offered a continuance of the hearing to resolve the jurisdictional issues. Sunshine Health refused to continue the hearing and again asked to move forward with it.

85.    Then, Sunshine Health sought to dismiss the hearings that it specifically requested move forward, not once, but twice. It is not efficient or resourceful for Sunshine Health to proceed in such manner when the life and health of the Beneficiary is at stake and when federal funds are at stake.

86.    An additional Order to Show Cause was entered by AHCA consistent with Sunshine Health's position. AHCA's and Sunshine's waste of resources and intent of discrimination against M.K. is once again evident.

87.    Sunshine Health continued to represent the issues were not resolved and continued to argue the Medicaid Beneficiary should *not* receive LTC services she was legally entitled to under Federal law.

88.    Over a year later, on August 11, 2021, AHCA issued an Order to Show Cause why the Third Set of Hearings should not be dismissed based on a res judicata doctrine that did not apply and would have been violative of due process. AHCA later retracted its position and issued an Order on the merits of the Third Set of Hearings.

89.    AHCA did not make a decision until October 8, 2021, after making attempts to dismiss the Beneficiary's right to a fair hearing in violation of Federal Law. There was no assessment of M.K. by Sunshine Health, no visit to M.K.'s home and no consideration for her current status.

90.    As a result of the foregoing, AHCA and Sunshine terminated

- 43 hours/week of Personal Care Services
- 14 hours/week of in-home Respite Care Services
- 25 hours/week of Companion Care Services

91.    The October 8, 2021 Order was issued by AHCA based on facts related to the Beneficiary's condition on approximately April 3, 2020. AHCA took no steps to initiate a current assessment of the Beneficiary's current medical conditions from August 2021 through October 8, 2021.

24

92.     This timeline evidences the intent by Sunshine Health and AHCA to discriminate against and deny this elderly and frail woman home health services that she is legally entitled to under the LTC Medicaid Program.

93.     It also evidences the confusion created by Sunshine's and AHCA's actions. The Beneficiary cannot handle such burdensome processes. The actions by AHCA and Sunshine Health have interfered with M.K.'s receipt of services, her well being and her peace of mind.

94.     AHCA has also demonstrated a level of lack of impartiality when it entered an order to align with Sunshine Health's interests for the July 22, 2020 hearing.

95.     The Beneficiary has additional burdens of future appeals and possibly attendance at other fair hearings due to her ongoing need for long term care services.

### Systemic Denials Continue in October 2021

96.     Most recently, by letter dated October 15, 2021, Sunshine Health denied requested services for 24/7 personal care services which are specifically covered under the Medicaid long term care program. *See* Composite Exhibit G. Sunshine Health again used the medically necessary definition to deny services.

97.     By letter dated October 18, 2021, Sunshine Health also denied requested services for 1 case every other month of liners, which are specifically covered under the Medicaid long term care program. *See* Composite Exhibit G. Sunshine Health again used the medically necessary definition to deny services.

98.   By letter dated October 25, 2021, Sunshine Health also denied a home modification, ramp leading to the back patio of the home, which is specifically covered under the Medicaid long term care program. *See* Composite Exhibit G. Sunshine Health again used the medically necessary definition to deny services.

99.   By letter dated October 25, 2021, Sunshine Health also denied requests for (i) 20 hours a week of homemaker services (ii) 25 hours of companion care services (iii) 14 hours per week of respite care services, which are specifically covered under the Medicaid long term care program. *See* Composite Exhibit G. Sunshine Health again used the medically necessary definition to deny services.

100.   As noted above on October 8, 2021, AHCA upheld a denial by Sunshine Health to terminate forty-three (43) hours of personal care services, fourteen (14) hours of respite care services and twenty-five (25) hours of companion care services.

101.   AHCA based its October 8, 2021 decision based upon facts presented on July 22, 2020 which were based upon an Noticed dated in April 2020.

102.   Sunshine Health and AHCA and did not have the Beneficiary's assigned case manager conduct a new evaluation of the Beneficiary to assess her current conditions since April 2020.

103.   Instead, Sunshine Health and AHCA terminated forty-three (43) hours of personal care services, fourteen (14) hours of respite care services and twenty-five (25) hours of companion care services without a current assessment of the Beneficiary.

26

104.   Sunshine Health also issued these four recent denials without a current assessment.

105.   The Beneficiary is currently a two person assist and requires skilled nursing 24 hours a day, 7 days a week. She also requires aides for all personal care services, 24 hours a day, 7 days a week. *See* Exhibit A.

106.   Without the proper care and nurse aides, she is at imminent risk of harm. The skilled nurse assigned to her struggles caring for her because she is unable to move her by herself.

107.   The skilled nurse assigned to M.K. also struggles to perform her duties because she does not have the proper assistance from a nurse aide.

108.   The Daughter is suffering greatly from the lack of nurse aides provided to her mother and is emotionally and physically distressed and has suffered physical injury as a result of the ongoing refusal by Sunshine Health and AHCA to provide proper care.

109.   Respite care services have been terminated by Sunshine and AHCA and the Daughter does not have help or assistance to obtain relief as necessary. As a result, Marie, the Daughter cannot even shower for days at a time or do groceries because there is no respite care or aides to assist.

110.   Sunshine Health has taken arbitrary and discriminatory positions regarding the Medicaid Recipient's care.

111.   AHCA has not been impartial in adjudicating the merits of the Beneficiary's care.

112.    AHCA and Sunshine Health have also retaliated against M.K. and her Daughter due to multiple grievances filed against them for the continual denial of services as outlined herein.

113.    AHCA and Sunshine Health have handled the issues in a manner that has created confusion, stress and a burdensome and stressful environment for the Beneficiary and the Daughter.

114.    This has also resulted in delayed periods of time where the Beneficiary does not receive medically necessary services and supplies.

115.    M.K. also ended up in the Hospital several times due to not having the required level of care and necessary aides.

116.    At one point the daughter had to provide 24 hour nursing services to M.K. herself. The daughter also had to pay approximately $3,300 for respite care services because Sunshine Health did not provide the services.

117.    The daughter and M.K. have also had to expend thousands of dollars in supplies due to Sunshine Health's failure to provide supplies. This supplies includes but is not limited to the following: wipes, mouth swabs for oral care and speech, gloves, distilled water for M.K.'s hydration, diapers 4 cases a month, 4 tubes of remedy to prevent and treat M.K., lotions for preventive care, mouth wash to clean the suction machine.

118.    M.K. and her daughter also incurred legal fees from a different attorney for help with cancellation of Companion Care services with no notice from Sunshine Health.

## Additional Grievances to Sunshine Health

119.   After the July 22, 2020 fair hearing, the Beneficiary received a letter dated July 17, 2020 on July 25, 2020 from Sunshine Health.

120.   The Letter addressed a grievance made by the Beneficiary's daughter on June 2, 2020. The letter contained incorrect information. To wit, that the Beneficiary's daughter spoke to Stephanie on June 6, 2020. This conversation did not take place. It also stated that "signing of the care plan will not change the outcome of the medical director's decision, fair hearing." There is no detail provided as to what fair hearing they refer to.

121.   Notably, Sunshine Health and AHCA took positions as to a fair hearing and aligned their interests when a fair hearing is supposed to be an impartial proceeding.

122.   On August 3, 2020, M.K. received a letter from Sunshine Health stating that on July 28, 2020, the case manager advised M.K. that all services were back in place. However, Sunshine and AHCA were taking active steps to deprive M.K. of services she was entitled to in contravention of the representation made in this letter.

123.   Sunshine Health contracts with Medicaid to allocate Medicaid funds to the poor and vulnerable in Florida. Here, they are not using state and federal funds for the purpose intended.

124.   Instead of allocating resources for Long Term care benefits to the elderly, they have expended resources on administration and attorney's fees, which likely cost more than the services the Beneficiary needs.

125.   As a result for the foregoing, the Plaintiffs have suffered damages and discrimination, in essence blocking services due to its administration of the plan and evident discrimination against M.K. based on her age and disability.

**COUNT I**
**Unlawful Discrimination Against M.K. on the Basis of Age and Disability in Violation of Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116 Against AHCA and the Secretary**

126.   Plaintiff, M.K. realleges and incorporates by reference paragraphs 1 to 125 of this Complaint.

127.   Under Section 1557 of the Affordable Care Act, "an individual shall not ... be excluded from participation in, be denied the benefits of, or be subjected to discrimination under , any health program or activity, any part of which is receiving Federal financial assistance , including credits , subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments)" on the basis of age. 42 U.S.C. § 18116.

128.   Section 1557's prohibitions on age and disability discrimination are enforceable by Plaintiff in a judicial action under 29 USC §6101, which Section 1557 incorporates by reference. 42 U.S.C. § 18116(a).

129.   AHCA's actions as applied to Plaintiff, M.K. violates Section 1557's prohibition against discrimination on the basis of age and disability in a health program or activity receiving federal financial assistance. Repeated patterns of behavior evidence its discriminatory intent against M.K.

130.   ACA affords a private right of action to an individual if its stems from discrimination on the basis of race, color, national origin, sex, age, or disability in certain health programs or activities. *Vega-Ruiz v. Northwell Health*,  2021 WL 1112867 (2nd Cir. 2021); *Rumble v. Fairview Health Services, et. al.*, 2015 WL 1197415.

131.   Plaintiff has been and is continuing to be injured by Defendant's systemic denials and discrimination to deny her medically necessary care, and has suffered damages as a result.

132.   Defendant, AHCA and the Secretary have systematically denied medically necessary services to Plaintiff, M.K. indicating intentional discrimination against the Plaintiff, M.K. *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977).

133.   Defendants have systematically denied medically necessary services to Plaintiff, M.K. to the extent that her daughter and skilled nurse cannot provide safe and appropriate care to M.K.

134.   Defendants' Actions have caused M.K. to go without medically necessary treatment for over one year and have caused permanent damage and out of pocket expenses.

135.    The Defendant's actions violate Section 1557 of the Affordable Care Act.

## COUNT II
## Unlawful Discrimination Against M.K. on the Basis of Age and Disability in Violation of Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116 Against Sunshine Health

136.    Plaintiff, M.K. realleges and incorporates by reference paragraphs 1 to 125 of this Complaint.

137.    Under Section 1557 of the Affordable Care Act, "an individual shall not ... be excluded from participation in, be denied the benefits of, or be subjected to discrimination under , any health program or activity, any part of which is receiving Federal financial assistance , including credits , subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments)" on the basis of age. 42 U.S.C. § 18116.

138.    Section 1557's prohibitions on age and disability discrimination are enforceable by Plaintiff in a judicial action under 29 USC §6101, which Section 1557 incorporates by reference. 42 U.S.C. § 18116(a).

139.    Sunshine Health's actions as applied to Plaintiff, M.K. violates Section 1557's prohibition against discrimination on the basis of age and disability in a health program or activity receiving federal financial assistance.

140.    ACA affords a private right of action to an individual if its stems from discrimination on the basis of race, color, national origin, sex, age, or disability in certain health programs or activities. *Vega-Ruiz v. Northwell Health*,  2021 WL

1112867 (2nd Cir. 2021); *Rumble v. Fairview Health Services, et. al.*, 2015 WL 1197415.

141.   Plaintiff has been and is continuing to be injured by Defendant, Sunshine Health's systemic denials and discrimination to deny her medically necessary care, and has suffered damages as a result.

142.   Defendant has systematically denied medically necessary services to Plaintiff, M.K. indicating intentional discrimination against the Plaintiff, M.K. *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977).

143.   Defendant has systematically denied medically necessary services to Plaintiff, M.K. to the extent that her daughter and skilled nurse cannot provide safe and appropriate care to M.K.

144.   Defendant's Actions have caused M.K. to go without medically necessary treatment for over one year and have caused permanent damage and out of pocket expenses.

145.   The Defendant's actions violate Section 1557 of the Affordable Care Act.

**COUNT III**
**Violation of the Medicaid Act's Availability Requirements,**
**42 U.S.C. § 1396a(a)(10)(A) against AHCA and AHCA Secretary**

146.   Plaintiff, M.K. realleges and incorporates by reference paragraphs 1 to 125 of this Complaint.

147.   The Guidelines, Procedures and protocols used by Defendants' AHCA's and the Secretary's to determine whether to provide coverage for Plaintiff, M.K.'s Long Term Care Services eliminate mandatory Medicaid

coverage of medically necessary services, violating Medicaid's availability requirement, 42 U.S.C. *§* 1396a(a)(10)(A), which is enforceable by Plaintiff, M.K. under 42 U.S.C. *§* 1983.

148.    In particular, the Medical necessity definition as stated in Paragraph 42 above, is utilized by Defendants in an abusive manner, lending itself to the systemic wrongful denials by Defendant against M.K. having the effect of blocking services to M.K. under the Availability Requirement.

149.  The Defendants' actions violate the Medicaid Act's Availability Requirements.

**COUNT IV**
**Violation of the Medicaid Act's Availability Requirements,**
**42 U.S.C. § 1396a(a)(10)(A) against Sunshine Health**

138.    Plaintiff, M.K. realleges and incorporates by reference paragraphs 1 to 125 of this Complaint.

139.    The Guidelines, Procedures and protocols used by Defendant Sunshine Health to determine whether to provide coverage for Plaintiff, M.K.'s Long Term Care Services eliminate mandatory Medicaid coverage of medically necessary services, violating Medicaid's availability requirement, 42 U.S.C. *§* 1396a(a)(10)(A), which is enforceable by Plaintiff, M.K. under 42 U.S.C. *§* 1983.

140.    In particular, the Medical necessity definition as stated in Paragraph 42 above, is utilized by Defendant in an abusive manner, lending itself to the systemic wrongful denials by Defendant against M.K. having the effect of blocking

services to M.K. under the Availability Requirement.

141.    The Defendants' actions violate the Medicaid Act's Availability Requirements.

**COUNT V**
**VIOLATION OF TITLE II OF THE AMERICAN WITH DISABILITIES ACT AGAINST AHCA AND THE SECRETARY**

142.    Plaintiff, M.K. realleges and incorporates by reference paragraphs 1 to 125 of this Complaint.

143.    The American with Disabilities Act ("ADA") states that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. §12132.

144.    The enforcement regulations state that a "public entity, in providing any aid, benefit or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of a disability **(i) deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit or service**." 28 C.F.R. §35.130(b)(1).

145.    Title II implementing regulations also state that a public entity shall administer its services, programs and activities in "**the most integrated setting appropriate to the needs of qualified individuals with disabilities**." 28 C.F.R. § 35.130(d)(emphasis added).

146.    These regulations also state that "A public entity may not, directly or through contractual or other arrangements, **utilize criteria or methods of**

35

**administration: (i) [t]hat have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability**; [or] (ii) [t]hat have the purpose or effect of d**efeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities....**" 28 C.F.R. § 35.130(b)(3).

147.    These regulations further provide that public entities "shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R.§35.130(b)(7).

148.    Pursuant to the ADA, states may be required to provide services beyond what a State is required to provide under the Medicaid Act.

149.    The State has obligations that are separate and apart from the obligations of the State under the Medicaid Act.

150.    The federal regulations for Medicaid MCOs, such as Sunshine Health, provide that a state "must ensure" that each MCO complies with applicable Federal and State laws, and specifically lists Title II of the ADA. 42 C.F.R. §438.100(d).

151.    Plaintiff, M.K. is a "qualified individual with a disability" within the meaning of the ADA because she (i) has a physical impairment that substantially limits one or more of her major life activities; and (2) she meets the essential

eligibility requirements for home and community-based services under Florida's Medicaid program.

152.   AHCA is a public entity within the meaning of the ADA. AHCA is the "single state agency" responsible for administering the Medicaid program in Florida.

153.   AHCA has failed to establish or enforce adequate requirements that Sunshine Health provide services that address M.K.'s complete long-term care needs to remain healthy and safe in the community.

154.   Plaintiff, M.K. is at risk of institutionalization and injury due to AHCA's failure of enforcement against Sunshine Health to address her needs.

155.   The criteria used by AHCA as to medical necessity has been applied or enforced in a manner that has denied Plaintiff, M.K. meaningful access to the benefits she is entitled to under the Long-Term care Medicaid plan.

156.   Defendants have discriminated against the Plaintiff by failing to provide reasonable accommodations to programs and services that would permit her to live safely and peacefully in her home and community.

157.   AHCA has used criteria as to medical necessity criteria and methods of administration that subject the Plaintiff, M.K. to discrimination on the basis of disability, including imminent risk of harm and risk of unnecessary institutionalization.

158.   AHCA has failed to enforce proper procedures against Sunshine Health to ensure compliance with the ADA.

159.   The Defendants' actions violate Title II of the ADA, 42 U.S.C. § 12132.

## COUNT VI
## THIRD PARTY BENEFICIARY BREACH OF CONTRACT CLAIM
## AGAINST DEFENDANTS

160.   Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1 through 125 as if fully set forth herein.

161.   The Defendants, AHCA, the Secretary in her Official Capacity, and Sunshine Health entered into a written contract amongst each other for the Benefit of Plaintiff, Marie Sheri Anne Kingston and Plaintiff, M.K. A copy of the Contract is attached hereto as Exhibit H. The Statewide Medicaid LTC Policy is also a part of the Contract. *See* Exhibit I.

162.   Upon information and belief, by the terms of the contract, the Defendants agreed to comply with applicable state and federal laws to administer Plaintiff's M.K.'s LTC benefits. The contract was made primary for the Plaintiff, M.K.'s benefit for multiple LTC services.

163.   The Contract was also made for the benefit of Marie Sheri Anne Kingston to receive Respite Care hours to alleviate her on a planned basis. This is part of the required Comprehensive Needs Assessment under the Contract. *See* Contract pg. 32 of 80.

164.   Upon the assessment, it must be determined whether Respite care should be provided to allow the Daughter to obtain some relief. *See* Contract pg. 32 of 80. *See also* Statewide Medicaid LTC Policy, pg. 6.

165.   Defendants have breached the contract by failing to make a proper coverage determination to cover and pay for respite care services.

166. As a result of Defendants' breach of the contract, Plaintiffs have suffered damages.

167. Wherefore, Plaintiffs, pray for judgment against Defendants, for compensatory damages; For reasonable attorney's fees and costs of suit; and For such other and further relief as the Court deems just and proper.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court:

1) Issue preliminary and permanent injunctions enjoining any further enforcement or application of the Medical necessity definition, and directing Defendants to provide Medicaid coverage for all medically necessary care, including companion care, personal care services, homemaker services, adequate home modifications and respite care services to M.K.;

2) Enter a declaratory judgment that the Defendants actions as applied to Plaintiff, M.K.:

   a) Violate Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116 , by discriminating against Plaintiff, M.K. on the basis of age and disability;

   b) Violate the Medicaid Act's availability requirement, 42 U.S.C. § 1396a(a)(10)(A);

   c) Violate Title II of the ADA, 42 U.S.C. § 12132.

   d) Award compensatory damages, as permitted under Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, in an amount that would fully

compensate Plaintiff for (i) the harms to her short- and long-term health and well-being, including emotional distress from being denied access to medically necessary health care, (ii) her economic losses, and (iii) all other damages that have been caused by Defendants' acts and omissions alleged in this Complaint;

e)  Award Plaintiff her reasonable attorneys' fees, costs, and expenses under applicable statutes; and

f)  Award such other and further relief as the Court may deem just and proper.

Dated: November 23, 2021

Respectfully submitted,

**Your Insurance Attorney, PLLC**
*Health and Medicine Law Firm Division*
Counsel for Plaintiff
2601 S. Bayshore Drive,18th Floor
Miami, FL 33133
Ph: (888) 570-5677
Service email:
health@yourinsuranceattorney.com
Attorney email:
msanti@yourinsuranceattorney.com
xb@yourinsuranceattorney.com

By:     /s/ Maria T. Santi
         MARIA T. SANTI, ESQUIRE
         Florida Bar No.:  117564

**PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES TRIABLE AS A MATTER OF RIGHT BY A JURY.**